UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

DAVID TATARIAN and
MARY TATARIAN,
    Plaintiffs,
-vs.-                                     **DEMAND FOR JURY TRIAL**

THE BRACHFELD LAW GROUP, P.C.
a foreign professional corporation,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiffs, David Tatarian and Mary Tatarian, through counsel, Nitzkin and Associates, by Gary Nitzkin state the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is the Brachfeld Law Group, P.C. which is a professional corporation doing business in Texas, Ohio and California.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Wayne County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS - CLAIM 1

6. Defendant is attempting to collect on a consumer type debt allegedly owed by Mary Tatarian to Chase Bank. The last four on the credit card is 0418. The amount on this alleged debt is $4,283.00.

7. Defendant first started calling the Plaintiffs around January of 2011.

8. In January 2011, Defendant called David Tatarian's cell phone while he was at work.

9. Mr. Tatarian told the Defendant that he was working and contacts on his cellular telephone during working hours were inconvenient for him. He then instructed the Defendant to stop calling him on his cellular phone during work hours.

10. Defendant ignored this directive and continued to call Mr. Tatarian on his cellular telephone while he was working.

11. In January 2011, Defendant threatened Mr. Tatarian with legal action.

12. To date, Defendant has never filed a lawsuit against Mrs. Tatarian.

13. To date, neither of the Plaintiffs has ever received anything in writing from Defendant.

14. To date, the Defendants have left several messages for the Plaintiffs all without identifying that the message was from a debt collector.

15. The Plaintiffs has suffered damages as a result of these violations of the FDCPA.

## GENERAL ALLEGATIONS - CLAIM 2

16. The Defendant is attempting to collect on another consumer type debt on behalf of Chase Bank against Mary Tatarian.  This account ends in 4933 in the amount of about $19,000.

17. In February 2011, Defendant's representative, Warren Wheeler, called Mr. Tatarian on his work cell and threatened him with litigation.

18. Mr. Tatarian told the Defendant that he was working and contacts on his cellular telephone during working hours were inconvenient for him.  He then instructed the Defendant to stop calling him on his cellular phone during work hours.

19. Warren Wheeler said refused this directive and continued to call Mr. Tatarian on his work cell phone several times after the above conversation.

20. On or about March 3, 2011, David sent a validation letter to Defendant via certified mail and by fax.

21. Defendant called Plaintiff after he sent a validation letter and without first validating the alleged debt.

22. Defendant has continued to call client up until May 10, 2011

23. To date, Defendant has failed to validate the alleged debt and has filed to file a lawsuit. Moreover, the Defendant has failed to send anything in writing to Plaintiffs.

24. The Plaintiffs has suffered damages as a result of these violations of the FDCPA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT - CLAIM 1

25. Plaintiffs reincorporate the preceding allegations by reference.

26. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

27. Each Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

28. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

29. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

30. The Plaintiffs have suffered damages as a result of these violations of the FDCPA.

## COUNT II - FAIR DEBT COLLECTION PRACTICES ACT - CLAIM 2

31. Plaintiffs reincorporate the preceding allegations by reference.

32. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

33. Each Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

34. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

35. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

36. The Plaintiffs have suffered damages as a result of these violations of the FDCPA.

## COUNT III - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

37. Plaintiffs incorporate the preceding allegations by reference.

38. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

39. Each Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

40. Defendant's foregoing acts in attempting to collect the two alleged debts violated MCL §339.915

41. Each Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

42. These violations of the Michigan Occupational Code were willful.

## COUNT IV - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

43. Plaintiffs incorporate the preceding allegations by reference.

44. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

45. Each Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

46. Defendant's foregoing acts in attempting to collect the two alleged debts violated MCL §445.252

47. Each Plaintiff has suffered damages as a result of these violations of the MCPA.

48. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiffs requests that the Court grant them the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

May 13, 2011

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48034
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com